UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN A. WARMAN,<br><br>                Plaintiff,<br><br>       -against-<br><br>GOOGLE LLC,<br><br>                Defendants. | 26-CV-1200 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant violated his rights. He invokes the Court's federal question jurisdiction and asserts claims for "coercive digital influence,"  "digital fraud," and negligent infliction of emotional distress.

By order dated May 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff brings this action against Google LLC. He invokes 42 U.S.C. § 223, a criminal statute prohibiting obscene or harassing telecommunications calls. Plaintiff makes the following allegations:

> Digital fraud and mispepresentation. Defendants disseminated false information order the appearance of factual authority plaintiff suffered harm as a direct result. Plaintiff seeks complensation an [illegible]. Defendants system used authoritative and frabicated narratives that influenced plaintiff's behavior and decision-making.

(ECF 1 at 5.)[2]

He seeks damages.

## DISCUSSION

**A.    Frivolous Claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff recently filed two other actions in which Google, LLC was also a named defendant. In *Warman v. Alphabet Inc.*, No. 26-CV-1197 (LLS) (S.D.N.Y. Apr. 30, 2026), the Court dismissed as frivolous allegations that "Defendants initiated a protocol of strategic deception designed to ignore the plaintiff's legal power of attorney, this protocol utilized linguistic fittery and interface slodge to ensure that the curators legal notice were shadow – de indexed and rendered invisible to the public. . . ." (ECF 1 at 5-6.) Plaintiff also named Google as a defendant in *Warman v. Google*, *LLC*, No. 26-CV-1195 (LLS) (S.D.N.Y. Apr. 9, 2026) (complaint dismissed as frivolous).

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that Defendant "used authoritative and f[abr]icated narratives" to affect his thoughts and conduct. (ECF 1, at 5.) A "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that Google, LLC, is controlling his thoughts and conduct. *See Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations are conclusory and implausible, and the claims must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," where plaintiff alleged that he had

"been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing as "wholly irrational," a complaint alleging "a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors"). The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.      Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (holding that a court has inherent power to dismiss without leave to amend where "the substance of the claim pleaded is frivolous on its face"). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated:    May 13, 2026
          New York, New York

_____
              Louis L. Stanton
              U.S.D.J.

4